UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JOEL AARON WATERS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:25-cv-00355-DCN<br>1:21-cr-00112-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Joel Waters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dkt. 1; CR-112, Dkt. 105.[1] The Government opposed Waters' petition. Dkt. 12. Waters did not reply.[2]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. In the interest of avoiding further delay, the Court will decide the Petition on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Waters' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

---

[1] In this Order, "CR-112" is used when citing to the criminal record in Case No. 1:21-cr-00112-DCN-1. All other docket citations are to the instant civil case.

[2] Waters claimed he did not initially receive notice of the Government's response to his petition. Dkt. 13. The Government subsequently re-served its response. Dkt. 14. Waters has not notified the Court whether he received the second notice. Regardless, the Court need not await a reply from Waters because the questions presented would not benefit from additional briefing.

## II. BACKGROUND

In April 2021, a federal grand jury indicted Waters on two counts: (1) Interstate Stalking, and (2) Cyberstalking. CR-112, Dkt. 1. The Indictment included special allegations that these crimes were committed while Waters was subject to a protection order issued in Wallowa County, Oregon. *Id.* at 2.

During plea negotiations, the federal prosecutor discussed (via email) with an Oregon state prosecutor the possible state criminal charges and the penalties Waters might face in both jurisdictions. Dkt. 1-3, at 4. The Oregon state prosecutor stated she could not "give a recommendation on sentenc[ing]" but opined that Waters' federal and Oregon state "sentences should run concurrently." *Id.* Waters later entered a guilty plea, and the Government dismissed Count 2 and recommended a 60-month sentence. CR-112, Dkt. 82. As part of his plea agreement, Waters "waive[d] any right to appeal or collaterally attack [his] plea, conviction, judgment, and sentence." *Id.* at 10. The plea agreement stated the waiver does not preclude Waters from filing an ineffective assistance of counsel claim. *Id.* at 11.

At the change of plea hearing, United States Magistrate Judge Debora K. Grasham warned Waters that his "federal sentence may run consecutive or back-to-back to any sentence that [he] might receive in any state proceedings." CR-112, Dkt. 106, at 11:19–22. Waters also acknowledged his attorney's prediction of his sentence was "just her best guess and is nonbinding." *Id.* at 25:5–9. This Court later sentenced Waters to 60 months imprisonment and added 30 days for contempt of court. CR-112, Dkt. 97. His federal judgment is silent regarding whether any future state sentences will run concurrently with

MEMORANDUM DECISION AND ORDER - 2

his federal sentence. *Id.*

Waters claims the email exchange between the Oregon state prosecutor and the federal prosecutor constituted a plea agreement (or what he calls a "global resolution") between himself and the Wallowa County prosecutor's office. Dkt. 1, at 4. According to Waters, the global resolution provided that any Oregon state sentence is supposed to run concurrent with his federal sentence in exchange for his guilty plea in the federal case. Dkt. 1-2, at 2–4. He claims to have only pleaded guilty to the federal charges pursuant to the concurrent sentence allegedly promised in the supposed global resolution. Dkt. 1, at 4.

Within one month of being released from federal incarceration, the Oregon state prosecutor charged Waters with crimes arising out of the same incident. Dkt. 1-3, at 4. Waters is willing to plead guilty to the state charges only if the Oregon state prosecutor recommends to the Oregon court that his federal sentence and state sentence run concurrently, citing the purported global resolution. Dkt. 1-2, at 5–6. The Oregon state prosecutor refuses to make such a recommendation. *Id.* Waters claims the refusal constitutes a breach of their plea agreement. *Id.* at 2. Waters raised this issue to the Oregon court, but it found no such agreement had been reached between Waters and the Oregon state prosecutor. Dkt. 12-2. According to Court records, his Oregon state jury trial is currently scheduled to begin on July 27 of this year. OREGON JUDICIAL DEPARTMENT, https://webportal.courts.oregon.gov/portal/Home/WorkspaceMode?p=0 (last visited June 30, 2026).

Waters then moved this Court for collateral relief under 28 U.S.C. § 2255. Dkt. 1. He asserts that: (1) the global resolution was breached, and (2) his counsel was deficient

MEMORANDUM DECISION AND ORDER - 3

for having him "sign a plea deal [he] believed was a global resolution." *Id*. at 4.

## III. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, there are four grounds under which a federal court may grant relief to a prisoner who challenges the imposition or length of his incarceration: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Further, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting § 2255). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984)).

"[A] district court may summarily dismiss a § 2255 motion only if the allegations

in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *Schaflander*, 743 F.2d at 717). In a § 2255 motion, conclusory statements are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## B.  Ineffective Assistance of Counsel

As the Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

To successfully claim ineffective assistance of counsel, a petitioner must satisfy the two-part *Strickland* test by showing that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000) (citing *Strickland*, 466 U.S. at 687). If either element is unsatisfied, then a petitioner has not met his burden. *Strickland*, 466 U.S. at 697. Therefore, courts may review the prongs in any order. *Id.*

To satisfy the deficiency of counsel prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To do so, petitioners must show "gross incompetence" on the part of their attorneys. *Kimmelman v. Morrison*, 477 U.S. 365, 366–67 (1986). There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance."

*Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong, a petitioner must show he was prejudiced by his counsel's errors and that "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman*, 477 U.S. at 375 (citing *Strickland*, 466 U.S. at 694).

## IV. ANALYSIS

As noted, Waters raises two claims in his Petition: (1) the global resolution was breached, and (2) his counsel was deficient as it relates to the global resolution.

As a threshold matter, both claims must be dismissed as untimely.

The Court will then discuss Waters' first claim and why it must be dismissed for the additional reasons that he failed to raise the issue on appeal, and he waived his right to collaterally challenge his conviction. And even if those legal barriers were absent, the claim fails on the merits.

Waters' second claim must be dismissed because there is no factual basis to support his assertions (in addition to it being untimely).

### A. Timeliness

"A 1–year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In the Ninth Circuit, "finality occurs when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting *Clay v. United States*, 537 U.S. 522, 527

MEMORANDUM DECISION AND ORDER - 6

(2003)). In a case where there is no direct appeal, a judgment of conviction becomes final fourteen days after the entry of judgment. Fed. R. App. P. 4(b).

Waters never appealed his conviction or sentence and the opportunity to do so has long passed. Accordingly, his judgment became final on or about November 25, 2023. § 2255(f)(1) required Waters to file his § 2255 Petition within one year of his judgment becoming final, i.e. by November 25, 2024. Waters filed his Petition on July 7, 2025— more than 220 days past the deadline. Therefore, both claims are untimely under § 2255(f)(1) and must be dismissed.

### B. Claim One – The Global Resolution

#### 1. Procedural Default Rule

Under the procedural default rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States* v. *Frady*, 456 U.S. 152, 167 (1982)). This rule does not apply to claims alleging ineffective assistance of counsel. *Id.*

The procedural default rule is another ground for dismissal of Waters' first claim. By failing to raise this issue on appeal, Waters relinquished the opportunity to raise it via collateral review. Furthermore, the exception does not apply because Waters has not shown cause or prejudice.

#### 2. Rooker-Feldman Doctrine

Courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The *Rooker–Feldman* doctrine is a jurisdictional doctrine,

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998), which "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citation modified); s*ee also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction.").

The *Rooker-Feldman* doctrine bars this claim because Waters seeks federal review of an issue that the Oregon state court has already resolved. (Dkt. 12-2). In substance, Waters petitions this Court to reject the Oregon state court's order and impose its own. That request, however, is not within this Court's power.

3. *Res Judicata*

A federal court may sua sponte invoke the doctrine of res judicata. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). It applies whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

The doctrine of res judicate also bars this claim. This claim duplicates the one presented to the Oregon court. *See* Dkt. 12-2, at 1 ("Defendant moves the court for an order to enforce what defendant alleges to be a plea agreement with the state."). The Oregon state court issued a final judgment on the claim, ruling against Waters. *Id.* Privity between the

MEMORANDUM DECISION AND ORDER - 8

parties exists because Waters initiated the action in both instances and the Oregon state prosecutor shares a "sufficient commonality of interest" with the Government in prosecuting Waters. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). Accordingly, res judicata bars this claim.

### 4.  *Waiver of Collateral Review*

"A defendant's waiver of his right to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)).

Here, the waiver Waters signed encompassed his right to appeal, and it was made knowingly and voluntarily. Waters not only signed the plea agreement, he also verbally affirmed to the Court he understood and agreed to "every provision of" the plea agreement, which includes the collateral attack waiver. CR-112, Dkt. 106, at 22:1–10. The Court provided Waters a clear warning "that this federal sentence may run consecutive or back-to-back to any sentence that [he] might receive in any state proceedings." *Id.* at 11:19–22. Waters also affirmed to the Court that nobody had "made any promises to [him] other than those in the plea agreement" and he was not "induced . . . to plead guilty." *Id.* at 24:18–21.

### 5.  *Merits*

The communications upon which Waters relies for his purported understanding of the global resolution make clear that the State of Oregon never agreed to such terms. To be

MEMORANDUM DECISION AND ORDER - 9

sure, there were discussion about such an outcome, but those discussions were never reduced to writing. The state of Oregon has found there was no such agreement—and thus, necessarily, no resulting breach of the agreement—and Waters and his Counsel both acknowledged at the change of plea hearing before Judge Grasham that the terms of the plea agreement in this case were fully delineated in the written document Waters signed.

Moreover, even if the purported global resolution did exist and was breached, Waters still fails to state a claim upon which relief may be granted. The parties' dispute is whether the Oregon state prosecutor promised to recommend *to the Oregon state court* that Waters' federal and state sentences run concurrently. Dkt. 2, at 5–6. This alleged promise imposes no obligation concerning his federal sentence, nor did it limit this Court's discretion in sentencing Waters. Any dispute regarding the Oregon prosecutor's compliance with any alleged obligation to recommend a concurrent sentence would therefore concern only the Oregon court.

Even if so inclined, this Court cannot adjust Waters' federal sentence to run concurrent with a potential Oregon sentence. That is, in part, because his federal incarceration is complete. Dkt.1-3, at 3. In other words, there is no federal incarceration left for an Oregon sentence to run concurrent with.

Finally, if Waters is suggesting that this Court issue a federal order requiring the Oregon court to credit time served on his federal sentence toward an Oregon sentence (Dkt. 1-2, at 5–5), this Court lacks the authority to issue such an order.

Thus, this claim fails on its merits.

MEMORANDUM DECISION AND ORDER - 10

### 6. Conclusion

For the reasons stated above, Waters' claim that the global resolution was breached must be dismissed.

### C. Claim Two - Ineffective Assistance of Counsel

In addition to being untimely, Waters has failed to demonstrate prejudice resulting from his counsel's performance—specifically her representations regarding the plea agreement and global resolution—and thus, this claim must be dismissed.

The Ninth Circuit has repeatedly rejected for lack of prejudice a defendant's claim of ineffective assistance of counsel where the district court advised the defendant of the maximum possible penalty and the defendant expressed satisfaction with his attorney before entering a guilty plea. *See, e.g., United States v. Moore*, 909 F.2d 1489, *5 (9th Cir. 1990). Furthermore, an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea." *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990). Nor does it suggest any prejudice. *Womack v. Del Papa,* 497 F.3d 998, 1003 (9th Cir. 2007) (finding defendant was not prejudiced by counsel's sentencing prediction because plea agreement and guilty plea colloquy provided sufficient notice of potential consequences); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial).

Waters cannot demonstrate he was prejudiced by his attorney's advice to plead guilty because he was adequately warned by Judge Grasham that his "federal sentence may run consecutive or back-to-back to any sentence that [he] might receive in any state proceedings." CR-112, Dkt. 106 at 11:19–22. And when asked if he was "satisfied with

MEMORANDUM DECISION AND ORDER - 11

[his] attorney's representation," Waters responded "Yes." *Id*. at 8:1–4. Having received Judge Grasham's warning about the possibility of a consecutive sentence *and* having acknowledge his satisfaction with counsel, Waters cannot now claim prejudice based on the possibility that a subsequently imposed state sentence will run consecutively to his federal sentence or that his attorney mislead him in any way. *Moore*, 909 F.2d at *5; *Womack*, 497 F.3d at 1003.

Because Waters failed to demonstrate prejudice, the Court need not address whether his counsel's performance was deficient under the first *Strickland* prong. Hence, this claim must be dismissed.

### V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. See Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason

MEMORANDUM DECISION AND ORDER - 12

for its decision. *Asrar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Waters' claims are barred by multiple legal doctrines and lack merit. Neither claim is persuasive or suggests any reduction or vacatur of the sentence imposed is warranted. No reasonable jurist would disagree with this assessment. Therefore, should Waters wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

The Court finds Waters' motion to be time-barred. Moreover, his first claim is procedurally defaulted and meritless. His second claim also fails on the merits. For these reasons, the Court finds no reason to vacate or remand Waters' conviction or sentence. The Court also finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the Petition is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Waters' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (Dkt. 1; CR-112, Dkt. 105) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

MEMORANDUM DECISION AND ORDER - 13

2.  The Court finds there is no need for an evidentiary hearing.

3.  No certificate of appealability shall issue. Waters is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4.  If Waters files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: July 1, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 14